United States Court of Appeals for the 9th Circuit is now in session. Please be seated. Welcome all to the 9th Circuit. We have a number of cases that are submitted. First of all, I want to make sure, Judge Graber, can you hear us? Yes, I can. Thank you. Thank you. And we can hear and see you. We have a number of cases that are going to be submitted today. First is Hector Tellez-Savedra v. Merrick Garland. That will be submitted on the briefs. We have ABC Services v. Aetna Health and Life. That will be submitted on the briefs. We have Jack Sarkazian v. Berkeley Regional. That will be submitted on the briefs. And we also have European Travel v. Allstate Insurance. That will be submitted on the briefs. We have one matter that will be on oral argument today. It's my understanding both counsel are appearing by video. First, and that is South Coast v. Blue Cross. And Ms. Hakkiyan? Yes, Your Honor. Yes, go ahead. Good morning, Your Honors. First and foremost, I want to apologize. If I keep coughing, I have allergies. So my sincerest apologies to you. Could you identify yourself for the record, please? Yes, Your Honor. Mina Hakkiyan on behalf of Plaintiff and Appellant South Coast Surgery Center. Thank you. Sure. What South Coast is asking for is very simple in this case. What South Coast is asking is to have Your Honors and this Court reverse the District Court's ruling and grant standing to South Coast to pursue its benefit recovery action. South Coast is a surgery center that provided services to Anthem Blue Cross patients, beneficiaries, and members insured under multiple ERISA plans since 2012. And some of the claims have been paid in this matter. However, there are 150 claims at issue that total of $5.5 million. Counsel, I want to get to your request, and that is requesting that we reverse the District Court. Talk to me about your assignment itself. Does the form itself assign South Coast the right to sue to enforce the ERISA benefit? No, Your Honor, it doesn't. The form specifically is titled Assignment of Benefits, but it does not convey the right to sue. It does convey the right to receive benefits, and it does say that the provider holds the right to pursue benefits against the patient if the claims are unpaid by the insurance company. But it does not specifically give the right to pursue benefits. So then, do you have the right to collect then? I mean, I guess I don't understand. I was confused. I thought that you were indicating that the right to receive payment was also essentially the right to sue. Is that not what you were saying? That is what we're saying. Our form doesn't specifically grant that right, doesn't word it verbatim. But Ninth Circuit law based on DB Health Care, if I may read the footnote 7 to Your Honors, it specifically says that no such wording in an assignment is required. Footnote 7 in DB Health Care, Your Honor, it reads... I think we have it in front of us. Right. There is no word saying an assignment is required. What in the document shows that there is an intent to assign that right and the ability to sue? The document does show that there is the intent to receive that right. It specifically says on the line... I understand that as a courtesy to me, the Southwest Surgery Specialty Center will file a claim with my insurance company on my behalf. I am financially responsible for and hereby do agree to pay in a current manner any charges not covered by the insurance payment. Reading this, Your Honor, will grant them the right to pursue first against the insurance company. It says that any right that is not covered by my assignment, I will have the right to go after the patient. They can come after me and collect. And Your Honor, there is a footnote 5 in North Jersey Spine, and I do realize North Jersey Spine is not a Ninth Circuit court. But in footnote 5, they actually talk about a scenario where something like this, where the assignment gives the right to recover, to pursue against the patient. And the court in footnote 5 stated that when a provider reserves the right to go after the patient, that could entail that the patient cannot go after the insurance company because the right to pursue the recovery against the insurance company has been assigned to the patient. It reads, where a provider retains the right to bill the patient for unpaid medical bills, interpreting an assignment of the right to payment as an assignment of the patient 502 claim would create the risk that if the provider sought recourses against the patient instead of the insurer, the patient would be responsible for the bill for health care services but lack a section 502 remedy against her insurance. Such a case would require a court to determine whether an implied form of... Yes, Your Honor, and Ninth Circuit. Ninth Circuit cases in Spina Dex, in DB health care, in fact, and in other cases have held that no word of art is required. Right, but in DB they were asking for a lot more than just the ability to collect payment. They were asking for injunctive relief, they were asking for all sorts of other things as well, not just the payment, correct? You're right, Your Honor. That is, in fact, the reason in DB health care they said that the assignment was insufficient because there was an anti-assignment clause, and they were asking for a derivative standing, which is not the case for us. We're only simply asking for the right to for recovery of benefits. Counsel, did you want to reserve? You have three and a half minutes left. Did you want to reserve some time? Yes, Your Honor, if I may. Very well, thank you. Good morning, Mr. De Jesus. Good morning, Your Honor. May it please the Court, David De Jesus from Reed Smith for the Appellate. Now, the legal principles here are not disputed, in fact. An out-of-network health care provider may have derivative standing to sue under ERISA if it holds a valid assignment of the patient's rights to reimbursement under the Governing Benefits Plan. So what's invalid about the assignment of benefits here? It's not an assignment at all, Judge Graver. Even though it's called an assignment of benefits, and it says that the insurance company is authorized to pay South Coast directly. So we know from the cases from DB health care, and I believe from the Amy's Kitchen case, that the title of the document doesn't control. You have to look at the language. No, but it's helpful. It is. It is helpful. But just because, I mean, if South Coast had called this form the Magna Carta, that doesn't necessarily make it so. What we really need to do is we really need to look at the language of the form. So let's just let's take a look and walk through that for a minute. The very first sentence is actually directed at the insurer, not South Coast, right? And it says it authorizes the insurer to send payment directly to South Coast. The second sentence of the form then says South Coast will submit the patient's claim, quote, as a courtesy, close. But counsel, the way I read that is that that the courtesy piece is only a minute, a comment about the ministerial question of who does the paperwork. There's nothing magic about courtesy there. Otherwise, the patient would have to file all the claims with the insurance company. So I don't see how that phrasing bears either way on the answer to the question at the same at the same time. Well, I think it does bear on the question, Your Honor. As we've said in our brief, and just to put it colloquially, what South Coast is doing is it's saying, look, we're going to submit this claim to the insurer as a favor. Right. And that comes after the sentence that says that directs the insurer to make payment to South Coast. If you take a look at let's put aside the title. Let's focus on the language. There is nothing else in this paragraph in the entirety of the assignment that would express a knowing and that provides a knowing and express assignment of right. All we have is, look, insurer, go ahead and send the check directly to South Coast. Oh, and by the way, South Coast, you can send the claim as a courtesy, as a favor. Now, counsel, what our case law tells us, isn't it? And I do understand your point. If you read this titled assignment document, it's not the vision of clarity that any of us would want. But our case law seems to tell us that we are to look at really the intent of the parties here. Isn't this showing us what the intent of the parties were? Well. Actually, yes, it does, Your Honor. And I think it let's start with what your first comment in that this isn't a vision. This isn't a vision or a model of clarity. Right. The government contract interpretation principle is very clear. It says there must be a knowing and express transfer of right. How do you square that statement with footnote seven in DB health care? Sure. That simply says an assignment of the right to receive payment of benefits generally includes the limited right to sue for nonpayment, etc. So that this certainly is an assignment of the right to receive payment of benefits. That's what the first sentence says. Authorizing the company they insure to pay directly and not to the patient. That is an assignment of the right to receive payment of benefits. So why doesn't DB health care govern and not require the sort of express? And by the way, we will, you know, also pursue these remedies in court. Well, I respectfully disagree, Judge Graber. I don't think this is an assignment of payment. I don't think this was an assignment of anything at all. All this was, as the district court found, was what's called a direct payment authorization. And for that, I encourage the court to take a look at the brand Tarzana case in brand Tarzana. It explains exactly what a direct payment authorization is. And all that does is instructs the insurer where to send the payment. Now, I want to bring to answer your question to Judge Graber in part. I'd like to bring the court back to the cases, OK, to the case laws, as was mentioned earlier. So do you agree that South Coast had a right to receive the payment? No, I don't think South Coast had the right to receive a payment. And this is a it's a it's a delicate distinction. I understand all this form does is it says, look, the patient retains all of the payment rights and all the benefit rights. And all it does is it says, look, insurer, go ahead and send payment to South Coast. But there was no transfer of any right to repayment, no transfer of any benefit claim. Nothing occurred of that sort in this form. And again, I want to take it back to the cases because I think it's important to take a look at how the how courts have interpreted various language and assignments and actual assignments. So let's start with the Amy's Kitchen case cited on page 19 of our brief. The assignment there stated, I quote, I hereby assign all of my right title and interest in any cause of action and or any payment due to me under any employee benefit plan. That's 981F3rd at 679. And in Amy's Kitchen, the court explained that this language effectuated a proper assignment of a recovery claim under ERISA. And that holding makes sense given the express language in that case. Again, I hereby assign all of my right title and interest in any payment due to me. Now, we've cited to other similar cases in our brief. Take a look at Corman. In Corman, the patient assigned, quote, the right to pursue and receive payments, close quote. Take a look at Armijo. There, the patient assigned all medical benefits and or insurance reimbursement, close quote. And if you take a look at CareFirst, CareFirst actually went a step further. And the assignment there even stated that the provider could, quote, stand in the shoes of the patient. Now, we're not saying that every assignment has to use the phrase stand in my shoes. But the common thread in all of those cases, all of them, is that the language leaves no doubt that an express and knowing transfer of those rights occurred. That's what the law required. We know that from DB Healthcare, and we know that from Amy's Kitchen. And a form that says we're submitting your claim as a courtesy, as a favor, falls short of that mark. So I bring it back to what Judge Graber initially asked, and I think we're getting, like, what is this form? This form, again, is a direct payment authorization. Take a look at the Brandt-Tarzani case. It explains what that is, right? A direct payment authorization simply instructs the issuer where to send the check, but it doesn't effectuate an assignment of right. It doesn't confer derivative standing. Counsel, just switching the topic a little bit, is there any Ninth Circuit precedent holding that prudential derivative standing cannot exist under ERISA? No, we're not disputing that there is no – let me back up a little bit. That's an artful way to start the answer. The principle that an assignment can form the basis of derivative standing is not in question here. The only question is, let's take a look at this form and see if it actually effectuates that transfer. So is what you're saying, if we disagree with your view that this is a direct payment authorization form versus an assignment, is what you're saying that you do not contest the derivative, the right for South Coast to actually file a claim to collect on its right to receive payment, assuming that we disagree with your threshold contention that this is an authorization, a payment authorization form versus an assignment? If I understand your question, Judge, correctly, I think the answer is yes. If you think this is an assignment of right and an assignment – if you think this was a valid assignment, both of the cause of action and the right to repayment, then yes, South Coast has derivative standing under ERISA. I see I have just a little bit of time. I want to touch quickly on some policy. There was a lot of discussion about policy in the brief, and it follows from your question, Your Honor. So yes, if there is a valid assignment of right and we interpret that the way that we should, it confers derivative standing, right? But those policies that confer derivative standing do not erase the rules of contract interpretation or this idea that we have to read them narrowly with an eye towards an express and knowing transfer of right. DB Healthcare and Amy's Kitchen make that clear. And I want to also be clear that this policy of narrow reading protects the patient, protects the assignee, not the insurer. The patient's right to reimbursement is fundamental under ERISA. And as a result, we want to make sure that any transfer of that right is knowing and express so that the patient's rights are protected. I see that I'm out of time. Thank you. Thank you, Your Honors. Ms. Hakakian, you have about three and a half minutes. Your Honor, thank you. First of all, first and foremost, this is an assignment of payment. The document, although I agree that the title doesn't control, but the title here shows intent. The intent of document is, it says, assignment of benefits. What counsel refers to Brandt-Tarzana, Brandt-Tarzana was a case where there was anti-assignment clause. And that's where the issue was talked about, saying that that was an authorization and it was not an assignment. That's a different case that has no bearing on this case. And the other thing that I wanted to post on, the court in the district court specifically says, South Coast only has the right to receive direct payment. So South Coast does in fact have the right to receive payment here. It's not just the direct authorization. South Coast has the right to receive benefits. Your Honor, to say that you have a right to receive benefits and not be able to pursue that benefit, that the right to receive payment will be a hollow right. There is a right for everyone. There is a saying when they say there's a right for everyone, there is a right and there is a breach. There is the remedy for it, which is the case here. They had a right to receive benefits. It entails the right to pursue that benefit. And if there is a breach of that benefit, they have the right to go after the insurance company and collect. And the assignment specifically says, for any charges not covered by the insurance company, this is not a courtesy. This is not just a favor by the insurance company or by the provider saying we're going to go as a favor suit and bill the insurance company. This assignment specifically says, for any charges not covered by the insurance payment, the provider has the right to go after the patient. This is clearly an assignment of benefit. And, Your Honor, the validity of the assignment of benefit is not at issue with this case. The issue in this case, whether the district court error in saying that South Coast lacks standing and Ninth Circuit cases and circuit cases, other circuit cases have stated that the right to receive benefits entails the right to pursue and South Coast has the right to receive benefits. Therefore, it does have standing. That's all I have, Your Honor. Very well. Again, thank you for your respective presentations. This case will stand submitted. Thank you. Thank you, Your Honor. Thank you, Your Honor. All rise. This court for this session stands adjourned. Thank you, Your Honor.
judges: GRABER, MENDOZA, DESAI